620 A.2d 1047

MURIAL STEVENSON, INDIVIDUALLY AND AS ADMINISTRATRIX AND ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF HOWARD STEVENSON, PLAINTIFF–RESPONDENT, v. KEENE CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO BALDWIN EHRET–HILL; ARMSTRONG WORLD INDUSTRIES, INC.; CELOTEX CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO PHILIP CAREY COMPANY, PHILIP CAREY MANUFACTURING COMPANY, SMITH & KANZLER, DANA CORPORATION, QUEBEC ASBESTOS MINES, BRIGG MANUFACTURING COMPANY, AND PANACON, INC.; EAGLÈ PICHER INDUSTRIES, INC.; EMPIRE ACE INSULATION MANUFACTURING COMPANY; THE FLINTKOTE COMPANY; FLINTKOTE MINES LTD.; GAF, INDIVIDUALLY AND AS SUCCESSOR TO RUBEROID; GARLOCK INC.; MADSEN & HOWELL; NICHOLAS SCHWALJE INC.; OWENS ILLINOIS INC.; OWENS CORNING FIBERGLASS CORP.; PORTER HAYDEN INDIVIDUALLY AND AS SUCCESSOR TO H.W. PORTER AND REID HAYDEN; YORK INSULATION INC.; FLEXITALLIC GASKETS; FIBREBOARD CORPORATION; CERTAIN–TEED; H.K. PORTER FORMERLY KNOWN AS THERMOID; CHAMPLAIN CABLE CORPORATION; AMCHEM PRODUCTS INC. AS SUCCESSOR TO BENJAMIN FOSTER; CLEAVER BROOKS; BABCOCK & WILCOX; COMBUSTION ENGINEERING; PITTSBURGH CORNING CORPORATION; TURNER & NEWALL, P.L.C., INDIVIDUALLY AND AS SUCCESSOR TO KEASBEY & MATTISON; ACANDS, INC.; MANVILLE ASBESTOS DISEASE COMPENSATION FUND (MANVILLE FUND) AS THE RESPONSIBLE DESIGNATED LEGAL ENTITY FOR THE LIABILITY OF CANADIAN JOHNS MANVILLE AMIANTE LTD., FORMERLY CANADIAN JOHNS–MANVILLE ASBESTOS LTD., JOHNS–MANVILLE ASBESTOS LTD., JOHNS–MANVILLE SALES CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO JOHNS–MANVILLE PRODUCTS CORP.; JOHNS–MANVILLE CANADA, INC. FORMERLY KNOWN AS CANADIAN JOHNS–MANVILLE CO., LTD., AND JOHNS–MANVILLE CORPORATION; JOHN DOE CORPORATIONS (A FICTITIOUS NAME REPRESENTING ONE OR MORE CORPORATIONS AND/OR COMPANIES ENGAGED IN THE BUSINESS OF MANUFACTURING, SUPPLYING AND DISTRIBUTING ASBESTOS CONTAINING PRODUCTS, FIBERS AND DUST TO PLAINTIFF'S EMPLOYERS); AND RICHARD ROE CORPORATIONS (A FICTITIOUS NAME REPRESENTING ONE OR MORE GENERAL CONTRACTORS AT THE PLAIN-

TIFF'S PLACES OF EMPLOYMENT) AND MICHAEL MOE COR-
PORATIONS (A FICTITIOUS NAME REPRESENTING ONE OR
MORE CO-CONSPIRATORS) JUDY DOE CORPORATIONS (A
FICTITIOUS NAME REPRESENTING ONE OR MORE LEGAL
ENTITIES WHO STAND IN THE SHOES OF THE JOHN DOE,
RICHARD ROE AND MICHAEL MOE DEFENDANTS EITHER
AS SUCCESSOR IN INTEREST, ALTER EGO OR BY OTHER
EQUITABLE DOCTRINE WHICH MAKES THEM RESPONSI-
BLE FOR THE JOHN DOE LIABILITY), DEFENDANTS, AND
PORTER–HAYDEN COMPANY, DEFENDANT–APPELLANT.

Argued February 1, 1993—Decided March 17, 1993.

*Andrew T. Berry* argued the cause for appellant (*McCarter & English,* attorneys; *Mr. Berry, John C. Garde,* and *Debra M. Perry,* on the briefs).

*Jane B. Cantor* argued the cause for respondent (*Garruto, Galex & Cantor,* attorneys; *Ms. Cantor* and *Bryan Garruto,* of counsel; *Ms. Cantor* and *Frances A. Tomes,* on the briefs).

*Thomas F. Campion* and *William K. Lewis* submitted a brief on behalf of *amicus curiae* Allied–Signal Inc. (*Shanley & Fisher,* attorneys).

PER CURIAM.

We affirm the judgment of the Appellate Division substantially for the reasons set forth in the opinion below, 254 *N.J.Super.* 310, 603 *A.*2d 521 (1992). We agree that the Statement that accompanies the Senate Committee's amendments to *S.* 2703, *L.* 1987, *c.* 325 concerning governmental enforcement actions did not otherwise modify or alter the provisions of *N.J.S.A.* 2A:15–5.3d permitting joint and several recovery in private "environmental tort actions." We add only the observation that this understanding of the statute will not create a limitless exception to the reforms intended by these 1987 amendments to the Comparative Negligence Act that modified theretofore-unrestricted joint liability in tort litigation.

Because the issue is not before us, the precise limits of the statutory phraseology must necessarily await resolution in future litigation. We surmise, however, that the claim of a homemaker who cuts his hand on a defective can of oven cleaner and has the oven cleaner solution seep into the lacerated hand is not excepted from the modified comparative-negligence provisions of the act when the homemaker sues the manufacturer, distributor, or retailer of the oven cleaner. Even though the oven cleaner contains methylene chloride "the cause

of the damages" is not "the negligent manufacture, use, disposal, handling, storage or treatment of hazardous or toxic substances," as described in *N.J.S.A.* 2A:15–5.3f(1), but rather the defective can. Another such example might be that of a defective gasoline tank on a motorcycle. Although the gasoline (a toxic or hazardous substance) is the accelerant that leads to a fire injuring the driver, we doubt that the Legislature would have such a case in mind as an "environmental tort."

*For affirmance*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.